## VIRGINIA HOME INS. CO. v. SUNDBERG.

(Circuit Court, S. D. New York. February 6, 1893.)

1. ADMIRALTY—PLEADING.
The libelant is entitled to an admission or denial of each distinct and separate averment in his libel separately and distinctly, and an answer is insufficient which admits some of the averments of the libel, but concludes: "He denies the other allegations of the fourth article, as therein alleged, and refers to the allegations of the eighth article of the answer;" such eighth article being a narrative somewhat different from the libelant's.

2. SAME.
An averment in the answer to a libel that the persons for whose benefit this action is prosecuted "had full notice and knowledge of and participated in the prosecution" of a former action, does not sufficiently advise the libelant whether evidence of some specific written notice in addition to a general knowledge is to be introduced, but such defect may be cured by amendment.

3. SAME.
A pleader who sets forth a detailed narrative of the movements of his own vessel cannot be required to add thereto averments as to other matters of detail upon which his adversary may wish to have specific averments, but as to which it does not appear that he has knowledge sufficient to enable him to set them forth, nor that he intends to rely upon them at the trial.

In Admiralty. Libel by the Virginia Home Insurance Company against John P. Sundberg. Reargument on exceptions to the answer.

Geo. A. Black, for plaintiff.
Goodrich, Deady & Goodrich, for defendant.

LACOMBE, Circuit Judge. Upon more careful consideration of the points urged upon the reargument, I am led to the conclusion that in some respects I erred in my former decision.[1] The fifth article of the answer is an answer to the fourth article of the libel. It admits specifically, separately, and distinctly some of the averments therein contained, and concludes as follows: "He denies the other allegations of the fourth article, as therein alleged, and refers to the allegations of the eighth article of the answer." Such eighth article is a narrative of events in some respects like the libelant's, in some differing therefrom. Except for the denial above quoted, the following allegations of fact in the fourth article of the libel are neither admitted nor denied, nor is there a denial as to them of knowledge or information sufficient to form a belief: (1) That the Newport passed out to sea "through the Swash channel" in part; (2) that she so passed in

[1] No opinion was then filed.

part "through the South channel;" (3) that she so passed on a "course of about S. E. ½ S.;" (4) which was the "usual channel course;" (5) that "at 5:35 P. M. she had Sandy Hook light bearing abeam;" (6) that "at 5:40 P. M. she had Sandy Hook bearing west;" (7) that when she passed Scotland light-ship at 5:50 P. M. "it bore west;" (8) that at such time it was "about one quarter of a mile distant;" (9) that she took her course of about S. ½ W. "when distant about one quarter of a mile from Scotland light-ship, bearing west." The above-quoted general denial is conjunctive, and does not severally deny these averments. Under the rules and practice, I am satisfied that libelant is entitled to an admission or denial of each distinct and separate averment in its libel, separately and distinctly; and the fifth article of the answer does not thus answer the fourth article of the libel. The exception to it is therefore sustained.

The third article of the answer avers that the persons for whose benefit this action is prosecuted "had full notice and knowledge of and participated in the prosecution" of a former action. To this libelant excepts because it does not state what kind of notice is intended. If, as seems probable, (and which was the view I took of the averment on the original argument,) the word "notice" is used as the equivalent of "knowledge" of the existence of the former suit, the averment is full enough, but as it stands it would warrant proof upon the trial of some specific written notice. The libelant is entitled to be advised by the answer whether anything of that kind is sought to be proved, and for that reason his exception to the third article of the answer is sustained. The answer may be amended either by striking out the word "notice," if it is used merely as the equivalent of "knowledge," or by stating what kind of notice is intended, if some specific one is relied on.

My opinion as to the sufficiency of the exceptions to the fifth and eighth articles of the answer (except as to the denials of the fifth article) remains unchanged. I do not think the pleader who sets forth a detailed narrative of the movements of his own vessel can be required to add thereto averments as to other matters of detail, upon which his adversary may wish to have specific averments, but as to which it does not appear that he has knowledge sufficient to enable him to set them forth, nor that he intends to rely upon them on the trial. Nor do I think the claimant should be required to set forth the details asked for touching the Newport's collision with an unknown schooner. To do so would seem a reversal of the position of the respective parties. It is for the libelant to show that the Newport did collide with the John K. Shaw. The claimant it not called upon to show that she did not, and the details of a collision with some other vessel are irrelevant to this controversy.

The seventh exception, namely to the ninth article, is sustained. The various points as to which express averments are asked for seem material to the sufficiency of the defense set up, and should be pleaded. In all other respects my former opinion remains unchanged. Order accordingly.