In re DAVIDSON S. S. CO.

(District Court, E. D. Wisconsin. November 22, 1904.)

**1. SHIPPING—PROCEEDING FOR LIMITATION OF LIABILITY—PLEADING.**

In a proceeding for limitation of liability the petition and answer on the one hand and the individual claims for damages on the other present distinct issues, which are to be separately adjudicated in the order named.

**2. SAME.**

A petition for limitation of liability must allege the facts necessary to entitle the petitioner, under the statute, to the relief sought, and a damage claimant contesting the right must take issue by answer, which must be full and explicit and distinct to each separate article and separate allegation, as required by admiralty rule 27. The proof required in support of the petition that any liability incurred was without the privity or knowledge of the petitioner does not reach the subsequent issue of liability of the vessel for individual claims sought to be proved under rule 55, the right to contest which is reserved to the petitioner by rule 56, which issue should be presented by appropriate pleadings conforming to the general practice in admiralty, the claimant being required to allege and prove a cause of action as in an original suit.

In Admiralty.

On (1) exceptions to the answer of the Ohio Transportation Co. to the petition, and (2) exceptions to the claim filed on behalf of that company as owner of the Steamer Gladstone, and of the representatives of her cargo.

C. E. Kremer, for petitioner.
Goulder, Holding & Masten, for respondents.

SEAMAN, District Judge. While the exceptions are independent in classification, both involve a primary question of the rule of pleading applicable to the issues respectively. In that view they are considered together, and the inquiry thereupon is not free from difficulty, owing to the want of clear precedents. My conclusions are, however, that the petition and answer on the one hand and the claims of damages on the other present distinct issues, which are to be separately adjudicated in the order named, as indicated by the opinion of Judge Brown in La

¶ 1. Limitation of liability of vessel owners, see note to The Longfellow, 45 C. C. A. 387.

Bourgogne (D. C.) 106 Fed. 232, 233. Whatever the form of pleading to that end, I am of opinion that each of such issues must be presented independently of the other, and in conformity with the general requirements applicable to pleadings in the admiralty.

This proceeding is commenced by the petitioner to limit liability, and the issuable allegations thereupon are the facts prescribed by statute as the grounds for limitation. It is unquestionable that the petitioner must allege and prove the state of facts thus required to obtain the relief sought. Nevertheless, a claimant contesting the right to limit liability must take issue by answer to the petition (rule 56), and I am of opinion that such answer must "be full and explicit and distinct to each separate article and separate allegation," as required by rule 27 for answer to libels. Thereupon "the cause must stand for hearing on proof like any other cause at issue." Bened. Adm. Pr. (3d Ed.) § 580. The doctrine which is to govern admiralty pleadings is now settled, though uncertain prior to 1844, when the rules were promulgated by the Supreme Court as authorized by act of Congress. Thus, in an early case (Clarke v. The Dodge Healy, 4 Wash. C. C. 651, 656, Fed. Cas. No. 2,849) it was said, "If the answer does not acknowledge the truth of the allegations of the libel, it must be proved by those who assert it;" while Judge Lacombe, in Virginia Home Ins. Co. v. Sunberg (C. C.) 54 Fed. 389, 390, construes the rule and practice in admiralty to entitle the libelant "to an admission or denial of each distinct and separate averment in its libel, separately and distinctly." The last-mentioned view plainly conforms to the intent of rule 27, and is deemed equally applicable to the pleadings upon the issue as to limited liability. The proof required in support of the petition that any liability incurred was "without the privity or knowledge of" the petitioner, does not reach the subsequent issue of liability, as it relates only to the personal negligence or conduct of the owners. Benedict's Adm. Pr. (3d Ed.) § 565.

Upon the further issue of liability for damages arising out of the collision the petitioner brings the case within rule 56, which reserves its right to contest such liability. "No presumption arises from the happening of a collision against either vessel" (Henry's Admr. Jur. & Proc. § 82) without fault on the part of one shown or confessed, and it is unquestionable that the general rules and practice in admiralty intend that all issues be well defined by pleadings in some form, with simple and explicit allegations of fact. I am satisfied, therefore, that the claim under which proof of liability is to be presented (rule 55) must be treated as a pleading in the nature of libel, and must set out "the various allegations of facts upon which the claimant relies in support of his suit," in accord with rule 23. While this requirement is not expressed in rule 55, and neither of the rules states the method of framing such issue, nor mentions an answer to the claim, the hearing cannot proceed as contemplated by rule 55, for the purposes of a contest, without an issue presented in some form. The claimant, though called into court by the monition to prove any claim it may have, must prove that the damage was caused by fault of petitioner's steamer, or fail of recovery. The petitioner is relieved from confession of liability by the allegations to that end in a petition; but those allegations are

incidental only, and do not enter into the consideration of the primary and independent issue tendered by the petition to limit liability. Nor can they serve to relieve the claimant of the need to state and prove a cause of action when the issue of liability is reached without violating well-settled general rules governing such issues; and these rules, under the limited liability act, do not impress me as intending such reversal of the established order of pleading and proving liability. The statutory provisions which are applicable are quite general in terms. Section 4284, Rev. St. [U. S. Comp. St. 1901, p. 2943], provides that one and the other parties "may take the appropriate proceedings in any court" for apportioning any liability. It goes without saying that the fact of liability must be ascertained primarily. What is the "appropriate proceeding" to that end? In the chapter on "Limitation of Liability" incorporated in the third edition of Benedict's Admiralty Practice the statute and rules are discussed, and the practice generally is exemplified with satisfactory clearness; but the present inquiry is not discussed, and no light is furnished in that excellent treatise for its solution. With no precedents interpreting the rules as to the practice upon such issue, I am of opinion that they intend the appropriate judicial hearing of the controversy over liability, with the issues presented upon distinct allegations of fact for and against the claim; that claimant must state, as the fundamental requisite of apportionment and recovery for damages arising out of the collision, a prima facie case of liability on the part of the petitioner's vessel, such liability being expressly reserved for contest; and that the petitioner becomes respondent in respect of such issue, and may either answer the claimant's allegations by counter statement of facts, consistent with the petition, or have the averments of the petition thereupon adopted for the purpose of the issue. Unless the rules intend that the fact of collision, followed by the petition to limit liability, creates a presumption of liability which the petitioner must overcome, the contention is untenable that the claimant may rest its claim upon specification of damages sustained and averment that the injuries occurred without fault on its part. Such departure from the general doctrine cannot be upheld under my understanding of the letter or spirit of the rules.

In conformity with the views thus stated as to the status of answer and claim respectively as pleadings, my conclusions upon the exceptions may be briefly stated.

1. Exceptions to the Answer. The first, second, and third exceptions are sustained, as the answer is insufficient in each of the particulars noted therein. The denial in each instance assumes knowledge or information on the part of the respondent that the facts and circumstances were not as alleged in the petition in certain of the essentials imposed by statute, but withholds disclosure of such information. Thus the denial to which the first exception is taken is the sole answer to the jurisdictional allegations that the Sacramento was, at the time of the collision, "stout, staunch, strong, and seaworthy, well and properly manned and equipped, and had on board a full and competent complement of officers and crew," etc. The answer must be "full, explicit, and distinct" (rule 27), and this requirement is not met by denial alone. Commander in Chief, 1 Wall. 43, 17 L. Ed. 609. If the party answer-

ing is uninformed in the premises, he may so state, and thus raise the issue without admitting or denying; but a denial must be founded on information, and, possessing that, the pleader must state the facts accordingly upon information and belief. The fourth exception is confessed, and met by amendment. The fifth is overruled, as the allegation referred to relates only to the right to contest the petition, and not to the merits of the claim, which is a separate issue, so that reference to the claim filed is deemed sufficient.

2. Exceptions to the Claim of Liability. The three exceptions state a single objection in different forms, namely, that the facts upon which liability is asserted are not stated. The objection is well taken to the claim treated as a pleading, and the exceptions are sustained accordingly.