## In re STARIN.

### THE CURRY.

(District Court, E. D. New York. June 1, 1906.)

SHIPPING—INJURY OF PASSENGER—LIABILITY OF VESSEL.

Conflicting evidence considered, and *held* insufficient.to sustain the burden resting upon a passenger to prove, in a proceeding for limitation of liability, that the injury for which she claimed damages, and which resulted from her falling while passing over the gangplank of petitioner's barge, was due to the wet and unfit condition of such gangplank.

In Admiralty. Proceeding for limitation of liability. The petition showed that the petitioner, John H. Starin, was sole owner of the barge Curry, and that an action at law had been commenced against him in a state court by Mrs. Griffin to recover for an injury received by her while a passenger on said barge.

Avery F. Cushman and James D. Dewell, Jr., for petitioner.

Maurice Marks, for claimant.

THOMAS, District Judge. Mrs. Griffin, a passenger, alleges that by reason of its wet condition she slipped and fell on the gangplank of the barge Curry as she was passing over the same to go ashore, whereby she was injured. The Curry was on the port side, and the barge Sumner on the starboard side, of the steamer Starin, and in this conjunction carried Sunday School excursionists from Jersey City to Orchard Beach, L. I., when the accident occurred. The passengers, some 2,500 to 3,000, went aboard and were discharged over the Curry's plank, and several hundred had passed over the plank at Orchard Beach, when Mrs. Griffin, descending the plank, fell. The plank was about 15 or 16 feet in length, 4 feet wide, and had a handrail on each side and cleats along its floor.

Beside the claimant, there is evidence that one other person slipped or fell on the plank, but was not injured. The claimant herself testified, and called also as witnesses Mr. and Mrs. Joyce, who were relations by marriage of Mrs. Griffin, and who at the time of the accident were a few feet behind her; Mrs. Kennedy, who said that she herself fell on her back while passing over the plank ahead of Mrs. Griffin;

Mr. Kennedy, who was at the head of the gangplank when the accident happened; and McGowan, one of the committee for the excursion, who was at the dock end of the plank, and, as he says, saw Mrs. Griffin fall. Mr. and Mrs. Kennedy were acquaintances of Mrs. Griffin. These witnesses all testify to the condition of the plank, Mrs. Griffin that it was wet, Mr. Joyce that it was filthy with slush and wet, Mrs. Joyce that it was wet and dirty and slippery, Mr. Kennedy that it was pretty wet and slippery, Mrs. Kennedy that it was wet and slippery, and Mr. McGowan that he had to take care to keep from slipping, that it was as wet as if a hose had played on it, and that it was all wet. Moreover, the claimant seeks to account for this condition. Joyce says that he saw planks lying by the gangway with big cakes of ice on them, and seeks to identify such planks as the gangplank used; that when he came back from the grove there was sawdust on the plank. Mr. Kennedy says that he also saw sawdust on the plank when he came back. The witnesses for the claimant had such interest in the litigation as came from the immediate relation of Mrs. Griffin to it, from the relationship of Joyce, husband and wife, the acquaintanceship of Mr. and Mrs. Kennedy, and the relation of McGowan to the excursion.

Opposed to these are four witnesses called by the petitioner: Arena, the captain of the Starin; Kiley, the mate of the Starin; Burrows, the captain of the Sumner; and Albertson, the deckhand on the Curry. No one of these is now in the employ of the petitioner. The attempt of the claimant to show that the gangplank was used as a place for storing large cakes of ice, which caused its alleged wet condition, not only fails, but throws suspicion upon the accuracy or good faith of the claimant's evidence in that regard; for the evidence shows that the gangplank, when not in use, was stored about amidships, where there was no apparent opportunity for it to get wet, and far removed from the bar and the location of the ice that was used in connection with the bar. These four men made good witnesses, and it deteriorates nothing from the witnesses for the claimant to say that in honesty of demeanor, manner of giving evidence, and clearness of statement they were quite equal to the witnesses for the claimant. They had such interest as would linger after their former employment, and from the fact that the duty to see that the passengers had proper opportunity to go ashore was observed, the breach of which would reflect on themselves. Perhaps, of all the witnesses sworn in this case, Albertson, in demeanor, clearness of statement, opportunity to see the accident and the condition of the platform, intelligence, and appearance of sincerity, carries the most weight.

The claimant stands in the position of a libelant, with the burden of proof upon her, and, all in all, the evidence she offers does not preponderate against that offered by the petitioner in such a way as to carry the conviction that the gangplank was in the unfit condition charged. Therefore the claim is disallowed, and the petitioner may limit its liability.