## In re STARIN.

(District Court, E. D. New York. November 9, 1909.)

SHIPPING (§ 209*)—PROCEEDINGS FOR LIMITATION OF LIABILITY—PLEADING.

In a proceeding by the owner of a vessel for limitation of liability, where the petition alleges generally freedom from fault on the part of the vessel, its owner, officers, and navigators, if fault is claimed by a claimant, he must allege and offer evidence to prove the same; and it is not sufficient to merely deny such allegation of the petition, but the answer should specify in what the fault consisted.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 652; Dec. Dig. § 209.*

Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

In Admiralty. Proceeding by John M. Starin, and by substitution Howard Carroll, Harriet M. Spraker, and Walter J. Peck, as executors of John H. Starin, deceased, as owner of the steamer John H. Starin, for limitation of liability. On exceptions to answer. Exceptions sustained.

Cushman & Dewell, for libelant.
James J. Macklin, for claimant.

CHATFIELD, District Judge. On the night of February 19, 1909, the steamer John H. Starin was injured by running upon a breakwater during a storm. In a proceeding to limit the liability of the owners of that vessel, with reference to cargo claimants, a libel was duly filed in this district, alleging, among other things:

"That the disaster to the steamer and the loss and damage to her cargo were in no wise caused by the fault or negligence of the said steamer or her officers or men in charge of her navigation, but were caused solely by the gale of wind," etc., and "that the disaster to said steamer and the loss and damage to her cargo were done, occasioned, and incurred without the privity or knowledge of your libelant and petitioner, as well as without any fault or negligence on the part of those in charge of the navigation of the said steamer."

An answer has been interposed on behalf of the claimants, in which a general denial on information and belief is set forth to the above allegations of the libel, and as a further answer the claimants aver that:

"Owing to the unfitness of the said steamer to successfully encounter and navigate in the weather that prevailed, she started leaking, her pumps being unable, although operated, to keep her free," and that "the owner of the said steamer, his agents and servants, as well as those in charge of her navigation, were guilty of negligence in permitting the said steamer to start from her dock or berth on said trip from New Haven to New York in the weather conditions that prevailed, she being unable, because of her weakness, age, unseaworthiness, and fittings to successfully withstand the sea and wind that was on, and had been on for some time previous to her departure from New Haven, which fact should have been known to the said owner of said steamer, as well as his agents, servants," etc.

To this answer certain exceptions have been filed, to the effect that the answer is indefinite and insufficient, in the sense that it does not state in what particular or particulars the steamer was unfit to suc-

cessfully encounter and navigate, in what she was weak, and in what she was unseaworthy, or deficient in fittings, so as to successfully withstand the sea.

It may be assumed that admiralty does not require the same accuracy and definiteness of pleading as is usually required in courts of law or under a system of Code Practice. It may also be assumed that the filing and bringing on for hearing of exceptions to an answer is the recognized and proper way to obtain more definite statements of the elements of any defense or answer, and even to secure particulars of an account. It has been held in Re Davidson S. S. Co. (D. C.) 133 Fed. 411, that in proceedings to limit liability an answer to a petition, under rule 56 of the Supreme Court of the United States (29 Sup. Ct. xlvi), should be full and explicit, to the extent required by rule 27 (29 Sup. Ct. xlii) in answering a libel. And it was further held in that case that an allegation in the petition of freedom from fault was sufficient to form the issue raised by allegations of fault in the answer interposed by a claimant. But the allegations of fault were to be stated so as to meet the provisions of rule 23 (29 Sup. Ct. xli), governing a libelant's charges of liability. As to such allegations the petitioner becomes a respondent, and, according to the decision in the Davidson Case, may interpose reply to the claimant's allegations, if he sees fit. Further, the claimant must prove his allegations of fault by affirmative evidence other than the mere presumption arising from the accident itself.

It is urged by the claimants herein that their general denial, or, in other words, their denials of the allegations of the petition, are sufficient to raise the issue involved. But it is thought that a libelant should not be called upon to contest without notice any issue that might be raised upon the trial under a mere denial of his averment that the vessel, its officers and navigators, and the owner thereof, were free from fault. The case above cited seems to indicate that it would be no more than just that a claimant, alleging fault or negligence, should specify what that fault or negligence was, and the claimant herein has apparently recognized the necessity for so doing by interposing the separate defense in his answer, charging unseaworthiness and lack of ability in the vessel in question to perform the duty required of her. His answer is based upon the proposition that this lack of condition was such that the owners were responsible therefor, in that they, either through themselves or their agents, should have prevented the vessel from sailing when in a condition of which they are alleged to have been aware, or negligent if they did not have knowledge thereof.

In order to recover, the petitioner must ultimately sustain the burden of proof, to the extent of showing that he had a right to limit his liability, and the claimant, to present an issue, must allege, and offer some affirmative evidence to prove, negligence on the part of the petitioner. If such evidence shall be offered, and answering testimony shall have been given by the petitioner, whether it be on the examination of his own witnesses or after hearing the witnesses for the claimant, then the question before the court will be whether the petitioner has sustained the burden of showing that he was free from negligence. The

shifting of the burden of offering testimony is the question with which we are directly concerned, rather than that of the burden of proof, which never shifts from the party demanding relief. But, bearing this in mind, and assuming that the purpose of the allegations in the answer is merely to state in what respects negligence is imputed to the petitioner, it would be unfair to compel him to prepare for trial without a precise definition of the issue, and this can only be had by requiring a full and exact statement of the allegations of fault.

The proprieties of pleading must not be confused with the rights of the parties after the case is at issue; nor should the fact that a party is compelled merely to make certain allegations, and to support them by some evidence, be mistaken for a complete compliance with rule 27 and rule 56 above referred to. The cases of The Fri (D. C.) 140 Fed. 123, In re Starin (D. C.) 151 Fed. 274, and McGill v. Michigan S. S. Co., 144 Fed. 788, 75 C. C. A. 518, all bear out the view that the person alleging negligence should specify that negligence to the extent of framing a proper issue; and it would not appear that a mere general denial, or a specific charge of negligence in general terms, can inform the parties or the court, to the extent that good pleading requires, where the negligence charged is based upon some particular defect, or some definite omission constituting a failure to exercise proper care.

The exceptions will be sustained, and the claimant ordered to make his allegations of fault more definite.