### THE JOHN H. STARIN.

(District Court, E. D. New York. December 31, 1909.)

SHIPPING (§ 209*) — PROCEEDING FOR LIMITATION OF LIABILITY — ISSUES AND PROOF.

Claimants, who pleaded as a defense to a petition for limitation of liability the negligence of petitioner, because of the unseaworthiness of the vessel, but failed to comply with an order requiring them to specify the particulars, will not be permitted to give testimony as to such defense under a general denial, to controvert petitioner's prima facie case.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 652; Dec. Dig. § 209.*

Limitations of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

In Admiralty. Petition by John H. Starin (and by substitution by Howard Carroll, Harriet M. Spraker, and Walter J. Peck, executors of the last will of John H. Starin, deceased), as sole owner of the steamer John H. Starin, for limitation of liability. On motion by claimants for leave to strike out an affirmative defense pleaded in their answers. Leave granted on conditions.

Cushman & Dewell, for libelants and petitioners.

James J. Macklin, for claimants.

CHATFIELD, District Judge. The petitioner, having pleaded freedom from negligence as the basis of a claim for limiting liability, previously took exception to a defense charging negligence because of the unseaworthiness, etc., of the vessel which was injured. This court, in an opinion filed November 9, 1909 (173 Fed. 721), held that the exceptions were well taken, and directed the claimants to specify the particulars upon which they based their charge of negligence. The claimants, in an affidavit verified by their proctor, now state that it will be impossible for them to comply with the order requiring them to give these particulars, and ask leave to strike out the affirmative defenses from their answer, leaving but a general denial. To this the petitioners object, because, they contend, the claimants would then be able under the general denial to interpose any contradiction to the prima facie case of the petitioners, who must substantiate the allegation that they were diligent and that the vessel was seaworthy, etc.

This contention of the petitioners is well founded, and the application should be denied, if there were any course open as an alternative or a consequence to such an order, in this particular case. But, on the other hand, the order directing the claimants to furnish particulars is exactly on a par with the usual application for a bill of

particulars in actions at law or under code practice, and the alternative, if the particulars are not furnished, is to preclude the party in default from giving any testimony as to the items of which particulars were ordered when the case was tried.

In the present action it would be more logical and practicable to grant the motion of the claimants to strike out their answer, leaving them with but a general denial, and forbidding them upon the trial to introduce testimony upon the claim of unseaworthiness or negligence as to the matters covered by the particulars ordered. Thus the petitioners will have simply the burden of establishing the prima facie case in those regards, and the situation will be simplified. This would be in effect a compliance with rule 30 of the Supreme Court of the United States (29 Sup. Ct. xlii) so far as it is applicable.

The motion will be granted upon the terms indicated.