## THE MURRELL.

### (District Court, D. Massachusetts. March 18, 1910.)

### No. 241.

1. SHIPPING (§ 209*) —PROCEEDINGS FOR LIMITATION OF LIABILITY—PLEADING —INTERROGATORIES.

Admiralty rule 23, permitting a libelant to attach to his libel interrogatories to be answered by a respondent, is applicable to proceedings for limitation of liability brought by a vessel owner, and the petitioner in such a proceeding is to be regarded as a libelant within such rule and may attach to his petition interrogatories to be answered by a damage claimant who has brought suit on his claim or by leave of court may be allowed to do so by amending his petition after it has been filed.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–661; Dec. Dig. § 209.*]

2. SHIPPING (§ 209*)—PROCEEDINGS FOR LIMITATION OF LIABILITY—INTERROGATORIES.

Objections to interrogatories propounded by a libelant under admiralty rule 23, in a proceeding for limitation of liability, considered.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 209.*]

3. SHIPPING (§ 209*)—PROCEEDINGS FOR LIMITATION OF LIABILITY—PLEADING.

In a proceeding for limitation of liability by the owner of a vessel, he has the burden of proving the necessary allegation of his petition that whatever damage may have resulted from any act or negligence of those in charge of his vessel was without his privity or knowledge, and a denial of such allegation is not necessary; but, if a damage claimant denies it in his answer with the intention of raising an issue of fact and offering evidence thereon, he should specify the acts relied on to establish petitioner's privity or knowledge.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–661; Dec. Dig. § 209.*

Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

Petition by the Baltimore & Boston Barge Company, as owner of the steam tug Murrell, for limitation of liability. On exceptions of Eastern Coal Company, damage claimant, to interrogatories propounded by petitioner. Sustained in part. Also on exceptions to answer of Eastern Coal Company and Austin Gove & Son. Sustained.

Frederic Cunningham, for petitioners.

Blodgett, Jones & Burnham, for Eastern Coal Co. and Austin Gove & Son.

On Exceptions of Eastern Coal Company to Interrogatories Propounded by Petitioner.

DODGE, District Judge. By its petition filed October 27, 1909, the owner of the tug seeks limitation of its liability for the loss of a barge while being towed by the tug. A monition was issued October 28, 1909, returnable February 4, 1910. On January 18, 1910, before the return day, and before any damage claimant had appeared in obedience to the monition, the petitioner filed an amendment to the petition asking to amend it by adding interrogatories to be an-

swered by the Eastern Coal Company, owner of the barge and named in the petition as a probable damage claimant, in case it should appear in these proceedings as such and answer the petition. The Eastern Coal Company did appear and filed an answer claiming damage for the loss of the barge, on January 26, 1910, and it has since excepted to the interrogatories propounded in the petitioner's amendment of January 18, 1910. [1] The Coal Company contends that a petitioner to limit liability has not the right under his petition to propound interrogatories and require a damage claimant to answer them. It also contends that, if he has such a right, the interrogatories must be annexed to the petition when filed and cannot be added afterward by amendment.

It is true that admiralty rule 23, which permits the libelant to require the defendant to answer on oath interrogatories at the close of the libel, was made before proceedings for limited liability had been authorized by statute or regulated by rules 54–58, inclusive. Rule 23, when made, undoubtedly contemplated only such libels as were then familiar in cases of admiralty jurisdiction; but now that section 4284, Rev. St. (U. S. Comp. St. 1901, p. 2943), has provided that the owner of a vessel is permitted to take appropriate proceedings for the purpose of apportioning the amount limited according to section 4283 among the parties entitled thereto, and rule 54 has since provided that he may take such proceedings by filing a "libel or petition" in the proper District Court, and since there is no doubt that such a libel or petition is to all intents and purposes a libel in admiralty, I see no sufficient reason for holding that rule 23 has no application whatever, and that the petitioner is without the right to interrogate the parties against whom relief is sought.

It is alleged in this petition that the Eastern Coal Company has filed in this court a libel against the petitioner, claiming damages for the loss of the barge and of her cargo. The petitioner might have answered that libel in the ordinary manner, setting up in its answer, if it chose, statutory limitation of liability. At the close of its answer it might have required the Eastern Coal Company to answer interrogatories touching the allegations of the libel or its own defensive allegations by virtue of admiralty rule 32. In the limited liability proceedings commenced by its petition, the same controversy as might thus have been raised is to be heard and determined, with the difference only that the petitioner becomes nominally the libelant and the Coal Company nominally the defendant. The provisions of the admiralty rules regarding interrogatories were intended to assist the court and parties by securing, in advance of the trial, full and explicit statements of their respective claims, and thus presenting more clearly the precise issues to be determined. So far as the petitioner's allegations regarding the sinking of the barge are concerned, its interrogatories will perform the same function if permitted here, and in the same controversy, notwithstanding the change in the nominal position of the parties. My decision must be that the petitioner has the right to interrogate this damage claimant and to be regarded for that purpose as a libelant under admiralty rule 23.

If I am right in this view of the matter, while the petitioner cannot put interrogatories as of course after his libel has been filed, he may nevertheless be allowed to do so by amending his libel. The Edwin Baxter (D. C.) 32 Fed. 296.

[2] The Coal Company, without waiving the objection that it cannot be required to answer the interrogatories at all, objects to certain of them that they are not "touching all and singular the allegations" in the petition, as rule 23 provides, and are immaterial or call for opinions instead of facts, or pry unduly into its defense. These are interrogatories 1-11, 20-26, 27, 28, and 31.

Interrogatories 1-4 ask where the barge was built, whether built for the Coal Company; if so, what she cost; and when and what the company paid for her.

These questions bear so remotely, if at all, upon any of the allegations in the libel, that I do not think they come within the rule.

Interrogatories 5-11 ask if the barge did not leak so that she had to put in during the voyage for repair at Delaware Breakwater; if so, how much she leaked per hour; whether her pumps could keep her clear; how many and what kind of pumps she had; what their condition was at the Breakwater; how long it took to repair them; and the nature and location of the repairs.

I think these questions bear sufficiently on the petitioner's allegations that the barge leaked so that she could not be kept afloat after grounding long enough to get to a place of safety, to bring them within the rule. I think the Coal Company should answer them. It does not object to answering interrogatory 12, which bears upon the same allegations.

Interrogatories 20-26 ask if the barge's master knew beforehand that the tow was going through Pollock Rip Slue (in the channel of which she is alleged to have grounded), whether he knew any reason why she could not go through safely, whether he suggested a different course to the tug, whether he knew that since he was last there a new shoal had formed in the slue and a new buoy had been put there and that the new buoy had disappeared, and how often and when he had been there with a vessel drawing so much water as the barge is alleged to have been drawing when she grounded.

These questions seem to me to bear sufficiently upon the allegations that the grounding of the barge was because she was improperly steered by an incompetent helmsman and failed to follow the barge ahead of her or the tug, or the allegations that she grounded upon an unknown and newly formed obstruction in the channel, to make them proper under the rule, and I think the Coal Company should answer them.

Interrogatories 27 and 28 ask whether the barge grounded within or without the channel as known and used before the accident, and whether the channel referred to had not long been the usual route for vessels of the barge's size and draft.

These questions I think should be answered, for the same reasons.

Interrogatory 31 asks for a statement of all that was done on the barge to keep her afloat after she had been pulled off from where she grounded.

This question seems to me proper for the reasons stated with regard to interrogatories 5–11. I do not see that it requires any improper disclosure of the defense.

The result is that the Coal Company need not answer interrogatories 1–4, inclusive, but is required to answer all the other interrogatories excepted to.

### On Exceptions to Answer and Claim of Damages Filed by Eastern Coal Company and Austin Gove & Son.

[3] The petition in this case was filed October 27, 1909. The liability sought to be limited is that to which the petitioner may be found subject by reason of the stranding and sinking of the barge West Virginia on September 29, 1909, while being towed by the Murrell. The Eastern Coal Company, as owner of the barge, and Austin Gove & Son, as owner of the cargo of coal on board her, have filed on January 26, 1910, an answer containing a claim by each for damages for the loss of its property caused, as it alleges, by the tug's negligence. This answer denies generally the following allegations of the petition:

"Eighth. That if any loss, damage or injury from said (collision) was sustained or occasioned by reason of any act, matter, or thing, or negligence by those in charge of said tug, the same was occasioned or incurred without the privity or knowledge of your petitioner or any of its officers."

The petitioner excepts because, having denied this eighth article of the petition, the answer "fails and omits to allege and specify in detail what acts, matter, or thing, or negligence by those in charge of said tug, were occasioned or incurred without the privity or knowledge of your petitioner." With its exceptions it has filed a motion that the damage claimants be ordered "to specify in detail the acts, matter, or thing, or negligence by those in charge of said tug, whereby any loss, damage, or injury from the grounding of the barge was occasioned or incurred *with* the privity or knowledge of your petitioner or any of its officers."

The answer elsewhere charges the tug with negligence causing the barge to sink, and this charge is made in considerable detail. The acts or omissions specified as constituting such negligence are all of them, however, acts or omissions by persons in charge of the tug who are not alleged to be officers of the petitioner company, nor is it alleged that any such officer was on board the tug. Nor is it alleged that the petitioner put incompetent persons in charge of the tug or otherwise failed in its duty regarding her before the voyage was undertaken.

The petitioner contends that, if the damage claimants mean nothing more by their denial of the eighth article of its petition than that they intend to rely on any insufficiency in its proof of the absence of its own privity or knowledge in connection with any negligence of its employés that may be shown, they ought to have alleged their own ignorance whether there was such privity or knowledge or not, and required it to prove the absence thereof. The denial, it contends, implies an intent to offer affirmative proof of facts tending to establish

its privity or knowledge and gives it the right to know before the trial what the facts intended to be shown are.

The nature of the question as to the absence of privity or knowledge on the petitioner's part is such that I am by no means clear that the damage claimants' denial can be taken to mean anything more than that they dispute generally on information and belief the petitioner's right to limitation, whatever may be the evidence in support of it. The petitioner has the burden of proving the absence of its privity or knowledge, as one of the "facts and circumstances on which limitation of liability is claimed" (Adm. Rule 54), and therefore as a jurisdictional fact without sufficient proof of which, whether denied by an answer or not, the authority of the court to make the decree sought is not established. Benedict, Admiralty (3d Ed.) § 580. Whether it has made sufficient proof of the absence of its privity or knowledge may be a question both of law and of fact. But if the damage claimants should offer evidence upon it of facts not specificially pleaded, and it should appear that the petitioner was taken by surprise and had not had a fair opportunity to meet the evidence offered, delay might prove necessary in order to afford it such an opportunity, and delay after the trial had once begun would be undesirable from every point of view. If the damage claimants do not intend to rely upon such affirmative proof of facts not pleaded, they will lose no advantage to which they are entitled if they are required to say so before the trial. I think their position upon the question should be disclosed in the pleadings. If such proof is to be offered, the facts to be proved should be specified. Such seems to have been the character of the pleadings in this respect, in more than one of the reported cases wherein the absence of privity or knowledge has been in dispute. The Colima (D. C.) 82 Fed. 665; In re La Bourgogne (D. C.) 117 Fed. 261; In re Starin (D. C.) 173 Fed. 721.

Without ruling that the damage claimants' answer is exceptionable under admiralty rule 28, I shall grant the petitioner's motion for specifications of negligence claimed to have been with its privity or knowledge.