## THE JOHN H. STARIN.

(Circuit Court of Appeals, Second Circuit. November 20, 1911.)

### No. 22.

SHIPPING (§ 209\*)—PROCEEDINGS FOR LIMITATION OF LIABILITY—ISSUES AND PROOF.

In a proceeding for limitation of liability for claims for cargo lost, cargo owners are not required to allege any specific negligence of petitioner in their answers, but make a prima facie case by proof of the shipment and nondelivery of their goods; and in case petitioner undertakes to excuse such nondelivery on the ground of perils of the sea, they are entitled to cross-examine as to the seaworthiness of the vessel, and also to offer proof on the subject.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 652; Dec. Dig. § 209.\*

Limitation of liability of shipowners, see note to The Longfellow, 45 C. C. A. 387.]

Ward, Circuit Judge, dissenting in part.

Appeal from the District Court of the United States for the Eastern District of New York.

Petition in admiralty by John H. Starin (and by substitution by Howard Carroll, Harriet M. Sproker, and Walter J. Peck, executors of the last will of John H. Starin, deceased), as sole owner of the steamer John H. Starin, for limitation of liability. Decree for peti-

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tioner, and the Providence-Washington Insurance Company and others, cargo owners, appeal. Reversed.

See, also, 175 Fed. 527.

De Lagnel Berier, for appellants.

James D. Dewell, Jr. (A. F. Cushman, of counsel), for appellees.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. We think the court erred in refusing to allow cargo owners to cross-examine defendant's witnesses as to the seaworthiness of the vessel, and to put in themselves such evidence as such cross-examination might indicate would properly supplement it. They were under no obligation to set up any particular unseaworthiness or negligence in their answer, and should not be prejudiced by the circumstance that, after having set it up, they withdrew such allegations. That they had claims would be sufficiently established by showing nondelivery of the goods they had intrusted to the carrier. If the shipowner undertook to excuse such nondelivery by showing loss or damage by perils of the sea, he opened the question of seaworthiness to meet such perils himself, and on that question the cargo owner had a right to offer proof. There is no necessity for sending the cause back. Additional evidence can be taken in this court. The shipowner should recall his witnesses for cross-examination, and the cargo owners may supplement their testimony by such further proofs as the result of such cross-examination indicates should be given. When the record is thus complete, the case may be again presented to us, and we will then pass upon the merits.

As the shipowner may have been misled by the action of the District Judge, he may also examine other witnesses on the questions of seaworthiness and freedom from negligence.

WARD, Circuit Judge. As I do not entirely concur in the opinion of the majority, and there is so little authority upon the subject of proceedings to limit the liability of shipowners, I will add something to what has been said.

The writer of the article on "Evidence" in 16 Cyc. 926 to 936, makes a very useful distinction between the burden of proof and the burden of evidence. The burden lies upon every one to prove his cause of action or affirmative defense, and in his pleadings he must allege what he is bound to prove. When, however, it comes to the trial, he may often make out a prima facie case, as by a presumption of fact, which throws the burden of explanation—that is, the burden of evidence— on his adversary. But the burden of proof never changes.

In this case the petitioner, under Supreme Court admiralty rule 54 (29 Sup. Ct. xlv), as usual, denied any liability whatever, and prayed for a limitation if any were established. It thus presented two issues. The primary one, of course, was whether there was any liability at all upon the petitioner, and clearly the burden of proof as to it lay upon the claimants. It is equally clear that the burden lay upon the petitioner to prove that he was without privity or knowl-

191 F.—51

edge of the facts, if any, which made him liable, and he was bound to allege this in his pleading. In re Davidson Steamship Co. (D. C.) 133 Fed. 411; Benedict's Admiralty (4th Ed.) art. 526.

The claimants filed answers to the petition under Supreme Court admiralty rule 56 (29 Sup. Ct. xlvi), in which they alleged, as they were bound to do, that the petitioner was liable because of negligence, and denied that he was without privity or knowledge in relation thereto. They correctly described themselves as claimants respondents. Upon the issue of the petitioner's liability they were claimants, and bound to prove his fault. Upon the issue as to the petitioner's knowledge or privity they were respondents, and needed only to deny his allegations and meet his proofs.

The principal ground of negligence was unseaworthiness of the vessel. This was not a defense, but the claimants' cause of action, and they properly alleged it in their answers. The District Judge, upon the petitioner's exceptions, rightly required them to specify the negligence in accordance with the provisions of Supreme Court admiralty rule 23 (29 Sup. Ct. xli) and District Court rules 42 to 44. In re Davidson Steamship Co., supra; The Murrell (D. C.) 188 Fed. 727. I think the District Judge had a discretion to hold, as he did, that the claimants, admitting they had no knowledge or information sufficient to form a belief in regard to the particulars of negligence, should not be allowed to introduce independent proof thereof on their own behalf at the trial. The purpose of the rules is to prevent surprise and to enable the exceptant to know what he is to meet at the trial. But the court was wrong in refusing to permit the claimants to extract such proof, if they could, from the petitioner's witnesses at the trial by cross-examination. If, then, anything developed indicating that there was other evidence of negligence not before known, the court would have had the discretion of permitting both parties to take further proofs.

The petitioner in this case, when it came to trial, began with his proofs. The natural and orderly course is to decide the question of the petitioner's liability first. This would be manifestly so, if he were pleading his right to limit in an action brought against him. In cases of pure tortlike collision the claimants do know, or have the means of knowing, the facts in relation to this primary issue, and so the natural order of procedure is easily followed. But shippers of cargo, as in this case, who do not know, or may not have the means of knowing, the facts, make out a prima facie case upon showing that their shipments have not been delivered, or have been delivered in a damaged condition. Then though the burden of proof does not change, the carrier or bailee is bound to explain. The burden of evidence is on him. Thus he is compelled to go into the whole case, because the burden of explaining the loss or damage is now upon him, and the burden of proving lack of knowledge or privity always was upon him. In this way the issues cease to be distinct. So, likewise, when the parties take testimony by deposition before trial, they find it necessary to go into the whole case. But the rules of evidence and of pleading remain the same.