## In re COMPANHIA DE NAVEGACAO LLOYD BRASILEIRO.

### THE PELOTAS.

(District Court, E. D. Louisiana, New Orleans Division. July 1, 1925.)

### No. 17429.

1. **Shipping ☞209(3)—General denials in answer to owner's petition for exoneration from, or limitation of, liability held sufficient.**

For answer of claimants for nondelivery of goods shipped to specifically deny the allegations of owner's petition for exoneration from, or limitation of, liability, without making any affirmative allegations, *held* sufficient to authorize claimants to take evidence to meet that for petitioner, and this notwithstanding admiralty rule 53.

2. **Shipping ☞209(3)—Burden of proof on issue of limitation of liability on petitioner; on issue of liability on claimant.**

Where shipowner, in suit for nondelivery of goods, petitions for limitation of liability, the burden of proof on that issue is on him, but on the issue of liability the burden of proof is on claimant and always so remains, although on proof of nondelivery burden of evidence shifts to petitioner.

In Admiralty. In the matter of the petition of Companhia de Navegacao Lloyd Brasileiro, owner of the steamship Pelotas, for exoneration from, or limitation of, liability. On exception to answer of claimants to petition. Exception overruled.

See, also, 7 F.(2d) 235.

Henry P. Dart, Jr., of New Orleans, La., and Henry N. Longley, of New York City, for the motion.

J. D. & M. A. Grace, of New Orleans, La., opposed.

BEATTIE, District Judge. Long after answers had been filed by the cargo owners as claimants to the petition for limitation of liability, and long after much testimony had been taken on behalf of petitioner, and after the claimants had applied for a commission dedimus potestatem to examine witnesses in Vera Cruz, Mexico, and after strenuous objection by petitioner to the granting of said dedimus potestatem except with the privilege of oral examination of said witnesses by the petitioner, and after the ruling of this court on that question and said dedimus potestatem was ordered to be executed on written interrogatories and cross-interrogatories, the petitioner filed an exception to the answers of the claimant, and for cause of said exception complained that, although claimants deny petitioner's specific allegations of seaworthiness, etc., and petitioner's allegations that the officers and crew of the vessel were free from fault, yet the claimants in their answer fail to set up any specific condition of unseaworthiness, and fail to set up any act or omission as a fault on the part of the officers and crew of said steamship, and that said denials by the claimants of the allegations of the petition are not sufficient to permit the taking of evidence intended to show negligence on the part of the officers and crew, or to show unseaworthiness of the steamship in any respect, and that the pleadings of the claimants are insufficient to afford them any ground to dispute petitioner's right to complete exoneration of all liability except on the sole ground specifically set up by them, of alleged deviation.

In article 6 of its petition, petitioner alleges that the loss, damage, etc., referred to in said petition was occasioned, done, and incurred without fault or privity of petitioner, and without knowledge, on the petitioner's part, of any kind, contributing to said loss and damage, and without fault of any of its officers, agents, or servants, but was solely due to perils of the sea.

After alleging its desire to claim complete exemption from liability and also to claim the benefit of the limitation of liability, petitioner, alleges, in article 8, among the facts by reason of which it claims exemption from liability: That "said steamship Pelotas was in all respects sound, staunch and seaworthy, and properly manned and equipped, and provided for the voyage in which she was engaged, and under command of proper and suitable officers. That said accident occurred through no fault or negligence on the part of the persons on board of, or having charge of the navigation of, said vessel, but was solely due to the perils of the seas."

Claimants in their answers specifically deny the truth of all the allegations contained in the sixth article of the petition, wherein, as above stated, it appears that the petitioner alleged that the damage and loss occurred without its fault or privity, etc. Claimants also deny specifically the above-mentioned allegations, in article 8 of the petition, that the steamship was sound, staunch, and seaworthy, etc., and that the accident occurred through no fault or negligence of the persons having charge of her navigation, but was solely due to the perils of the sea.

The question now presented for consideration is whether, under these pleadings, the claimants have a right to propound, to the witnesses in Vera Cruz, the proposed interrogatories, or whether, in order to justify them in doing so, they are required to set up any specific grounds of unseaworthiness, etc., if any, upon which they rely, and which they intend to prove.

The question is also presented by the exception whether, after this great length of time since the answers were filed, and after the various proceedings had since that time, the answer should be held to be insufficient because of the failure to allege any specific grounds of unseaworthiness and any specific faults of the officers and crew, which the claimants may wish to rely upon.

There are several District Court decisions, to wit, In re Davidson Steamship Co. 133 F. 411, The Murrell, 188 F. 727, Pere Marquette, 203 F. 127, the first and the last of which were in the same district, but by different judges, holding that a specific denial by claimant of petitioner's averments of lack of privity or knowledge, and that the vessel was seaworthy and properly manned and equipped indicated or assumed a knowledge on the part of the claimant of some specific

knowledge of petitioner's privity and of lack of seaworthiness and of proper equipment, and that, while the claimant might rely upon lack of his knowledge and demand full proof of petitioner's lack of privity and that the vessel was seaworthy and properly equipped, yet, if the claimant specifically denied same, he should state the specific grounds for this denial. In one of these cases (The Pere Marquette), in addition to the denial that the disaster occurred without the fault and privity of the owner, there was an affirmative allegation that it occurred through neglect, etc.

On the other hand, there have been cited the following cases: The Rambler (C. C. A.) 290 F. 791, A. M. C. 1923, 618; The Hewitt (D. C.) 284 F. 911, A. M. C. 1923, 89; The Starin, 191 F. 800, 112 C. C. A. 286.

In The Hewitt, the District Court held that in undertaking to prove that the loss did not occur with his privity, the owner must necessarily show either just how the loss did occur, or if he cannot, he must exhaust all the possibilities and show that as to each he was without privity, and that this might be shown by showing that to his knowledge the ship was well found, properly manned, and staunch, tight, and adequately equipped, and that in such a case the owner undertakes to prove that whatever the cause of loss, he was ignorant of it, and that he undertakes this burden with all the possibilities which it may involve, and that all the respondents or claimants need do is to break down the case made by the petitioner, in which event they will win. The court in this case stated the above to be the rule in spite of the new admiralty rule No. 53, which was thought not to be applicable.

In The Rambler, the Court of Appeals held that, after the liability of the vessel was fixed, it remained for petitioner to show his right to a limitation of liability, and that in that case the owner, having made out a prima facie case of such a right, "it then remained for the claimant respondents to upset the petitioner's case as made and to prove facts which would enable the court to find that the loss and damage complained of had occurred with the privity or knowledge of the petitioner owner. Not burden of proof, but the burden of evidence, was shifted when the petitioner gave evidence bringing itself within the case last cited."

In The Starin (District Court decisions relative to which will be found in 173 F. 721 and 175 F. 527), the Court of Appeals, in reversing the District Court, which required specific allegations of particular grounds of unseaworthiness, held: "We think the court erred in refusing to allow cargo owners to cross-examine defendant's witnesses as to the seaworthiness of the vessel, and to put in themselves such evidence as such cross-examination might indicate would properly supplement it. They were under no obligation to set up any particular unseaworthiness or negligence in their answer, and should not be prejudiced by the circumstances that, after having set it up, they withdrew such allegations. [Note.— These allegations were withdrawn because of the ruling of the District Court requiring more particulars which they were unable to give.] That they had claims would be sufficiently established by showing nondelivery of the goods they had intrusted to the carrier. If the shipowner undertook to excuse such nondelivery by showing loss or damage by perils of the sea, he opened the question of seaworthiness to meet such perils himself, and on that question the cargo owner had a right to offer proof."

Though in that case Judge Ward dissented from the majority opinion above quoted, he was in partial agreement with the majority, for in his dissenting opinion (page 802 [112 C. C. A. 288]) he said: "Upon the issue as to the petitioner's knowledge or privity they [claimants] were respondents, and needed only to deny his allegations and meet his proofs."

Again, on page 802 (112 C. C. A. 288) Judge Ward said: "But the court [District Court] was wrong in refusing to permit the claimants to extract such proof, if they could, from the petitioner's witnesses at the trial by cross-examination. If, then, anything developed indicating that there was other evidence of negligence not before known, the court would have had the discretion of permitting both parties to take further proofs."

I am inclined to follow the latter decisions, not only because two of them were rendered by the Court of Appeals, but because they, to me, are more persuasive.

In petitioner's exception to the claimants' answer, no exception is made to that answer (consisting simply of a denial) to article 6 of the petition, wherein for the purpose of a limitation of liability, it is alleged that the loss, damage, etc., was occasioned and incurred without fault or privity of the petitioner, and without knowledge on petitioner's part of any kind contributing to said loss and damage, and without fault of

any of its officers, agents, or servants, but was solely due to perils of the sea.

Petitioner's exception is directed at the claimant's answer (consisting simply of a denial) to article 8 of the petition, wherein exemption (and not merely limitation) of liability is claimed.

In a case like this, where the loss and damage claimed result from the nondelivery of goods shipped in the same condition as that in which they were when shipped, claimants, to make out a prima facie case, have only to prove such nondelivery. When this is done, the burden of evidence is shifted to the carrier to explain and, in order to show entire exemption from liability, the carrier has to show that the loss or damage was not the result of unseaworthiness, at the commencement of the voyage, in the absence of a contract complying with section 2 of the Harter Act (Comp. St. § 8030), and that, if it was the result of faults or errors in navigation, or in the management of the vessel, or of perils of the sea, the shipowner had exercised due diligence to make the vessel, in all respects, seaworthy and properly manned, equipped, and supplied.

If the vessel was unseaworthy at the commencement of the voyage, and this was the cause of the loss or damage, the shipowner is liable, in the absence of a contract complying with section 2 of the Harter Act, and with such a contract he must show the due diligence required by said section. If, on the other hand, the loss resulted from faults or errors of navigation or of the management of the vessel or from the perils of the sea, the shipowner is liable only if he failed to exercise due diligence to make the vessel in all respects seaworthy, properly manned, equipped and supplied at the commencement of the voyage. The Carib Prince, 170 U. S. 655, 18 S. Ct. 753, 42 L. Ed. 1181; Int. Nav. Co. v. Farr & Bailey Mfg. Co., 181 U. S. 218, 21 S. Ct. 591, 45 L. Ed. 830.

In the petition for limitation of liability the allegation of lack of knowledge and privity carries with it the allegation, or at any rate requires the petitioner to prove, that at the commencement of the voyage the vessel was actually seaworthy, properly officered, manned, equipped, and supplied.

Under either issue, therefore, whether of exemption from liability, or limitation of liability, in a case where the cargo owner shows nondelivery of the goods, the petitioner has to show that the loss or damage was not the result of unseaworthiness at the commencement of the voyage.

It is sometimes difficult to keep separate the two issues, first of liability (or its converse, entire exemption from liability), and, second, if there be liability, of the limitation of liability. The necessity, in a case like this, of the shipowner's proof, under both issues, that the loss or damage was not the result of unseaworthiness at the commencement of the voyage, if the cargo owner shows nondelivery, to a great extent merges the two issues, as stated and explained by Judge Ward in his dissenting opinion in The Starin, 191 F. 802, 112 C. C. A. 280.

[1, 2] On the issue of liability vel non, the claimants carry the burden of proof, but, if and when they have shown the nondelivery of the goods shipped, then the burden of evidence shifts to the petitioner, though the burden of proof always remains upon the claimants. On the issue of limitation of liability vel non, the burden of proof is on the petitioner.

While a positive denial of lack of knowledge and privity and of seaworthiness and proper equipment may strictly indicate a knowledge of some specific acts of unseaworthiness and some specific lack of equipment, and while the pleader might, in such cases, instead of making a specific denial, allege lack of information, and thus call upon the petitioner to make proof of his necessary allegations, yet in common practice, where a petitioner makes an allegation which he necessarily has to make of lack of knowledge and privity and of seaworthiness, and carries the burden of proving these facts in order to be entitled to a limitation of liability, I think that the claimant or respondent can deny same without being required to set up any specific grounds of privity or knowledge or unseaworthiness, and that particularly is this true, if, as in this case, the claimants contend that, by the interrogatories now objected to, they intend to prove only the untruthfulness and incorrectness of the petitioner's evidence offered to prove lack of privity and seaworthiness as developed in the examination and cross-examination of petitioner's own witnesses. Certainly without a denial, if this be based on lack of information, or with a denial based on lack of information, claimants would be entitled to disprove petitioner's allegations and any pertinent facts brought out in the examination and cross-examination of petitioner's witnesses.

In the case of The Murrell, supra, cited by petitioner, the District Judge particularly declined to rule that the answer was excep-

tionable for lack of specifications, yet he required the specifications because he said that, if the claimants should offer evidence of facts not specifically pleaded, and it should appear that the petitioner was taken by surprise, then this would require a delay in the trial, which would be undesirable. This reason does not apply in a case like this, where the evidence is not being taken during the course of a trial in open court, but over a long period of time, so that, if the petitioner should be surprised by any evidence brought out by the claimants, he would have ample opportunity, if otherwise entitled to do so, to meet the evidence.

The reason for the District Judge's opinion in The Pere Marquette, supra, was that a denial of a negative averment (denial of petitioner's allegation of lack of privity or knowledge) created no issue.

I do not think that a denial by the claimant of petitioner's lack of knowledge and privity is equivalent to a denial of a negative averment, for, as I understand the law, petitioner's allegation of lack of knowledge and privity in itself requires him to prove the affirmative fact that at the commencement of the voyage the vessel was seaworthy, properly officered, manned, and equipped, so that a denial of the negative averment of lack of privity and knowledge is really a denial of the affirmative allegation that the vessel, at the commencement of the voyage, was seaworthy, properly officered, manned, and equipped, and moreover, in the case at bar, particular objection (on the ground of insufficient specifications) is made to the claimants' specific denial of the petitioner's affirmative allegation that the Pelotas was "in all respects sound, staunch, and seaworthy, and properly manned and equipped, and provided for the voyage in which she was engaged, and under the command of proper and suitable officers," and "that said accident occurred through no fault or negligence on the part of the persons on board of, or having charge of the navigation of, the said steamship, but was solely due to the perils of the sea."

Petitioner relies also upon rule 53 of the new Rules of the Supreme Court governing admiralty cases, and points to the fact that this rule provides that "any person or persons claiming damages as aforesaid * * * shall and may answer such libel or petition and contest the right of the owner or owners of said ship or vessel, either to an exemption from liability, or to a limitation of liability under the said act of Con-

gress, or both, provided said answer shall in suitable allegations state the facts and circumstances by reason of which liability is claimed, or right to limitation of liability should be denied."

I have already pointed out what Judge Learned Hand (then District Judge, now Circuit Judge) said in the case of The Hewitt, supra, relative to this rule.

This rule provides that the answer shall state "the facts and circumstances by reason of which liability is claimed, or right to limitation of liability should be denied." This rule uses the same language as rule 51, providing what the petitioner shall allege in his petition for limitation of liability. This rule 51 provides: "Said owner or owners shall and may file a libel or petition in the proper District Court of the United States as hereinafter specified, setting forth the facts and circumstances on which said limitation of liability is claimed and praying proper relief in that behalf."

The same language as to the requirements of the allegation, to wit, "the facts and circumstances," is used in both rules, and, if in this case petitioner's allegation in article 6 that the loss was occasioned "without fault or privity of your petitioner, or without knowledge on petitioner's part of any kind contributing to said loss, damage, injury, or destruction, and without fault of any of its officers, agents, or servants, but were due solely to perils of the sea," and petitioner's allegations in article 8 "that said steamship Pelotas was in all respects staunch and seaworthy and properly manned and equipped, and provided for the voyage in which she was engaged, and under command of proper and suitable officers," "that said accident occurred through no fault or negligence on the part of the persons on board of, or having charge of the navigation of said steamship, but was solely due to the perils of the sea," are a sufficient setting forth of the "facts and circumstances" under rule 51, then a specific denial of the same "facts and circumstances" should be sufficient under rule 53.

At the inception of such proceedings, the claimants do not usually know, and do not usually have any means of knowing, the exact causes of the loss and damage. Though the burden of proof is upon them to make out their cause of action, yet, upon showing nondelivery of the goods, the burden of evidence shifts to the petitioner on the question of liability vel non. Under these circumstances, generally the best the claimants

can do in answering that part of the petition claiming exemption from liability is to deny the petitioner's allegations made in support of that branch of the case wherein petitioner may claim exemption from liability, and generally on that branch of the case wherein petitioner claims limitation of liability, for the same reasons, the best the claimants can do in answering the petition is to deny the alleged grounds for this claim, wherein, in all cases, the burden is upon the petitioner.

Under these circumstances, I do not believe that, where the claimants have specially denied petitioner's allegations on both issues, they are called upon to amend their answers by more specific allegations of unseaworthiness, or of lack of proper equipment, etc., and of privity and knowledge on the part of the petitioner, every time, in later stages of the litigation, the claimants may learn, either by an examination or cross-examination of petitioner's witnesses, or otherwise, of some particular cause or condition of unseaworthiness, lack of equipment, etc. Such a rule might require repeated amendments of the answers as the case progressed, and would, I think, be unreasonable. All I think that the claimants should be required to do is to allege all that they know at the time of filing their answer, or, if they know of no specific grounds or causes of unseaworthiness, etc., to deny the allegations made by the petitioner. This should be true on both issues after the claimants have shown the nondelivery of the goods shipped, and it ought to be particularly true on the issue of the limitation of liability where the burden of proof is at all times on the petitioner.

I am advised that in this case several thousand pages of testimony have already been taken—some taken here in the examination of petitioner's witnesses, and some taken in Brazil under letters rogatory in the examination of petitioner's witnesses. Some or all of this testimony has not yet even been filed in this court. I have not read, and cannot be expected to read this testimony until the case is submitted on its merits. It is therefore impossible for me to know what the facts are that this evidence proves or tends to prove, and therefore I cannot at this time decide whether the testimony now desired to be taken by the claimants of the witnesses in Vera Cruz, tends only to contradict the evidence hereto taken by the petitioner or is testimony of new and independent facts. For the same reasons and under the conditions now existing it is also impossible for the court at this time to pass intelligently upon various objections made by petitioner to various interrogatories proposed by claimants to be propounded to witnesses in Vera Cruz. The objections to the interrogatories and the answers will have to be made at the time they are offered in evidence.

While, for the reasons above stated, I now believe, without, however, committing myself positively to this ruling when the evidence is finally offered on the trial, that the claimants, under their answers, have a right to prove any fact that would tend to disprove petitioner's allegations of seaworthiness, etc., and of lack of knowledge and of privity, and particularly to prove any fact tending to contradict the evidence and the witnesses of petitioner; yet, in view of the lack of uniformity in the decisions, and particularly in view of the decisions cited by the petitioner hereinbefore referred to, and also in view of rule 53, and of the fact that on the issue of liability the burden of proof is on them, if claimants do intend to introduce any evidence tending to show privity and knowledge and unseaworthiness, etc., of a kind not pertinent to, or contradictory of, the evidence offered by petitioner in proof of its allegations, then the claimants may, if they see fit, but are not required to do so, amend their answers by alleging the specific facts they intend to prove.

At this time and under the conditions stated, it is impossible for the court to know whether the interrogatories to be propounded to the witnesses in Vera Cruz, seek to elicit or will elicit answers pertinent only to the issue of limitation of liability, or pertinent only to the issue of exemption of liability, or pertinent to both. There is no exception by petitioner to claimants' answer to petitioner's allegations on the subject of limitation of liability. Hence, if the answers elicited are pertinent only to this issue, there is no objection to them so far as the pleadings are concerned, and, being unobjectionable on this issue under the pleadings, the depositions can be taken, and their use and admissibility on the other issue, if pertinent thereto, would have to be determined when offered in evidence.

For the reasons above assigned, it is ordered and decreed that the exception herein filed by the petitioner to the answers of the claimants be overruled, and it is further ordered and decreed that each and every one of the objections, made by petitioner to the various interrogatories proposed to be pro-

pounded by claimants to the various witnesses in Vera Cruz, be, and the same are at this time, overruled, so that the depositions may be taken promptly, but the rights of the petitioner are hereby reserved, with regard to each and every one of said objections made by it, to renew same without prejudice when the depositions are offered in evidence.