## Case No. 11,062.

### PHARO v. SMITH.

[18 How. Pr. 47.]

District Court, S. D. New York. Oct., 1859.

ADMIRALTY PRACTICE—STIPULATIONS FOR COSTS— WAIVER BY LIBELANT.

[The right of a libelant in a suit in personam to require the respondent to file a stipulation for costs may be waived by delay, and if no action is taken until after a decree against respondents, and a notice of appeal, the libelant is not entitled by an order nunc pro tunc to require such stipulation to be filed.]

[This was a libel in personam by Joseph W. Pharo and others against George Smith. A decree was entered in favor of libelants (case unreported), and, defendants having

given notice of appeal, libelants now move for an order requiring them to file, nunc pro tunc, a bond or stipulation for costs.]

I. T. Williams, for libelants.

Benedict, Burr & Benedict, for respondents.

BETTS, District Judge. This action in personam was commenced in November term, 1855, and alias process was returned in February term, 1856, personally served upon the defendants. They appeared and filed their answer to the libel August 16th, 1856, and, as it appears by the files of the court, the suit continued in prosecution to June 18th, 1859, when a final decree was rendered in favor of the libelants, on the confirmation of the commissioner's report, after exception heard thereto, for the sum of $10,500 damages, and $397.37 costs.

On the 28th day of June, the defendants filed a notice of appeal in this court, giving the same day a notice thereof in writing to the proctor of the libelants. On the 19th of July thereafter, the libelants obtained an order staying proceedings on the appeal until a decision upon the motion then noticed, —that the defendants file nunc pro tunc a bond or stipulation for costs in the main action,—should be made by the court. Any further movement upon that notice has been delayed from time to time by mutual assent between the parties to the present period.

The application is now supported by the affidavit of the proctor of the libelants that the defendants gave no bail or stipulation in the action when the process was served, or at the time they appeared and answered, nor since, and that the defendants are now about to appeal the said cause to the circuit court, and that the proctor is informed and believes the defendants are insolvent, having since the judgment and decree was rendered in this cause put their property out of their hands, and that the proctor further believes the libelants are wholly remediless against the defendants for either the damage or the costs recovered against them in this court, and that he always supposed and believed that the usual bond and stipulation for costs, with sufficient sureties, had been duly filed by the defendants in this court at the time they perfected their appearance in the cause, and never knew or suspected the contrary until after the decree therein was docketed on the 8th of July last.

The proposition on the part of the libelants is that the defendants have been guilty of malpractice and dereliction of duty in omitting to give bail to the marshal, or to file a stipulation to cover the costs of the action at the time of their arrest, or on filing their appearance or answer in the action, and that they are legally bound now to place the libelants in the same condition as if that duty had been fulfilled at the inception of the

cause. This, I think, is a misapprehension of the rules and principles of practice. The defendants were guilty of no wrong or irregularity in tendering their appearance and pleading to the action, if the libelants choose to accept them, without first giving the securities appointed by the course of practice. Those sureties are a privilege to the opposite parties which may be waived by those entitled to exact them, without impairing the validity of any after steps in the proceeding. Indeed, the elementary books impose on the actor in the suit the obligation of coercing his antagonist, by special mandates of court, to supply in time the suretyships which the due order of practice ordains for the guarantee of his demands or costs involved in the suit (Clarke, Prac. tit. 9; Dunl. Adm. Prac. 145); and when he omits to exact the compliance of his adversary with rules affecting his particular interest, the presumption should be that he intends to waive the obligation, it being merely his personal privilege. In this instance, the libelants proceeded for a series of months, conducting a sharp controversy upon a large demand, with the fact patent upon the minutes of the court and before their face that the defendants had not taken the preliminary step to file a stipulation in the cause, making answer or offering proofs, and they must thereby be deemed in law to have waived a claim to that act as a condition to the right standing of their adversaries in court. All the obligations of the defendants to the libelants, as to the manner of conducting the cause, were merged in the final decree.

The claim, to have the defendants compelled, at this day, to furnish the security for the costs which accrued, does not rest upon any purposed act of the defendants proposed to be yet done by them in this cause within this court. They call for no further action or favor in their own behalf, in the district court, in the case. The powers and aid of a different and higher tribunal are now invoked, and the remedy of the libelants if any they have, must be in that forum, to screen themselves against further charges on account of the action in its subsequent stages. The case is fully ended in this court, with the exception of the right of the libelants, at its hands, to execution of the decree here rendered, if that be not transferred by the appeal to the circuit court. The libelants make no equity, after the litigation is wholly ended here, to have the defendants compelled to give the stipulation or bond, not exacted at the commencement of the suit, if it be competent to the court at this stage of the case to grant such application. There would be equal fitness, if not a greater propriety, in a defendant demanding, after final judgment in a cause, that a plaintiff be called upon to supply security for costs, which was not imposed upon him, as it might have been, at the election of the defendant, before he proceeded in the cause. The court interposes its

powers to hold parties to the observance of its rules who are watchful over their rights, and does not break up a completed course of practice, pursued without fraud or deception on one side, when the other has slept over the proceeding with every opportunity to object to it and have it rectified, if erroneous. The motion is denied.

[An appeal from the decree of the district court in favor of libelants (Case unreported) was taken to the circuit court, where the decree of the district court was reversed. Case No. 11,-063.]