RAWSON *v*. LYON and others.

(*District Court, S. D. New York.* March 15, 1883.)

PRACTICE—SECURITY FOR COSTS.

By the long-standing practice in courts of admiralty, parties prosecuting or defending or intervening are required to give a stipulation for costs. In actions *in personam*, such security was formerly obtainable under the express rule, when the process was by warrant, which was at the option of the libelant. Now that the process by warrant is abolished in ordinary cases, the requirement of security for costs should still be maintained under the supreme court rule 25, and an amendment of the old rule 44 of this court should be made, in order that no doubt may exist as to the proper practice.

In Admiralty.

*Benedict, Taft & Benedict*, for libelant.

*Scudder & Carter*, for respondents.

BROWN, J. There is no question that the ordinary practice in admiralty has long been to require a stipulation for costs from a respondent on entering his appearance and answering in an action *in personam*. Judge BETTS, in his book on Admiralty Practice, says: "This stipulation must be filed when a defendant comes in to defend, although the first process was a citation and not a warrant." Page 40. This is in accordance with the ancient practice. Clerke, Praxis, tits. 5, 11; *Pharo* v. *Smith*, 18 How. Pr. 47. When suits were commenced by warrant, rule 17 of this court expressly required bail to

be taken for $100 above the sum claimed; and this was to cover costs. When warrants were abolished by supreme court rule 48, as the ordinary process for commencing actions, rule 17 was no longer expressly applicable to ordinary suits *in personam;* but the ordinary practice in this court to give security has remained as before, although it appears to have been occasionally omitted.

In all other cases, libelants and defendants and intervenors are, by express rules, required to give security for costs, except in the special cases of seamen, salvors, or persons suing *in forma pauperis.* Rules 17, 38, 44, 45. There is no reason why the defendants in actions *in personam* should form an exception to the usual requirement to file security for costs, which, under the former process by warrant, was always obtainable.

Rule 25 of the supreme court expressly authorizes this court to require security in actions *in personam;* and the practice usually followed hitherto should be confirmed by an amendment to rule 44 of this court, so that there may be no doubt about the proper practice in future, or the obligation of the respondents to file security. That rule will be amended by adding at the end the words "and the like stipulation, with surety for costs in the sum of $100, shall be filed by the respondent in actions *in personam* at the time of entering his appearance or answer, or the same shall not be received unless otherwise specially ordered."

Motion granted.