RAYMOND v. LA COMPAGNIE GENERALE, ETC.

WUERTZ v. SAME.

(Circuit Court, S. D. New York. November 10, 1898.)

ADMIRALTY—SUITS TO RECOVER FOR DEATHS—SECURITY FOR COSTS.

In actions brought on behalf of the next of kin against a steamship company to recover for deaths resulting from the sinking of a vessel which was a total loss,—defendant being therefore relieved from all liability for faults of navigation,—plaintiffs will be required to give security for costs, unless the inability of all the persons interested in the recovery to do so is shown.

Motion to Require Security for Costs.

Edward K. Jones, for the motion.
Kenneson, Craine & Alling, opposed.

LACOMBE, Circuit Judge. In view of the large number of these causes which seem to be pending in this court, the subject of requiring security for costs has been again considered. There is force in the contention of defendant that inasmuch as the statutory limitation of

liability (the steamer being a total loss) relieves it from all liability for faults of navigation, etc., the plaintiff's case is more than ordinarily speculative. Undoubtedly, the taking of testimony in support of and in opposition to the averments in the complaint will be an expensive matter; and the court is not unmindful of the fact that those averments are really not sworn to by any one, the usual verification being on information and belief. Nevertheless, individuals who may have a right to recover damages for the death of next of kin should not be deprived of their day in court, to show, if they can, that defendant's actionable negligence caused such death, merely because they are too poor to file security. On the other hand, the defendant should not be harassed by repeated trials of the same question, nor put to unusual and extraordinary expense in defending suits, the prosecution of which is left free to its adversaries. The following disposition of these and similar motions will be made: Where the affidavits clearly show that the persons interested in the recovery (i. e. the widow or next of kin) are all in such a condition pecuniarily that none of them is able to give security, the motion will be denied; otherwise it will be granted. The denials, however, are to be without prejudice to a renewal of the motion in the event of defendant prevailing on the trial of the first cause. If security be then exacted, defendant will thereafter be harassed only by litigants who deal with it on equal terms.

It remains only to dispose of the motions in the two causes above entitled. In the Wuertz case there is no sufficient proof of inability to furnish security. There is only the affidavit of the mother. Apparently, Eugene, Otto W., and George are of age, but none of them have sworn to their inability to give security. They should do so, and by affidavits which set forth facts, and not mere conclusions. In the Raymond case the affidavit is not sufficiently full as to plaintiff's pecuniary condition, and there is no affidavit presented by the sister of deceased showing her inability to furnish security. Plaintiffs may have 10 days in which to supply defects in proofs, if they can.