## ALASKA PACIFIC FISHERIES v. THE AKUTAN.

First Division.   Juneau.   December 8, 1924.

No. 2435–A.

**1. Admiralty ⊜123—Exception to Stipulation for Costs.**

Claimants filed exceptions to the stipulation for costs because the same was not entered into by the libelant, is not conditioned that the libelant will pay all costs and expenses found against it, and that it was not taken before the clerk of the court or other officer specified by admiralty rule 6 of the Supreme Court, and move that the stipulation be stricken, and the libel and action be dismissed at cost of the libelant. *Held,* leave given to file additional stipulation for costs, and exception overruled.

**2. Admiralty ⊜123—Form of Stipulation for Costs.**

No particular form of words is necessary to constitute a stipulation. It is sufficient if it appears that the party stipulating undertakes to respond according to the legal requirements, and a bond or recognizance would be held good in an admiralty court. The usual form of admiralty stipulation briefly recites the pendency of the suit and closes by distinctly assuming the requisite obligation. It is executed without seal, and acknowledged by the party and the stipulator before the clerk of the court, or commissioner, or notary public.

**3. Admiralty ⊜60—Libel Must Show Vessel Within Jurisdiction.**

This is an action in rem, and, under admiralty rule 22 of the Supreme Court, it is required that the libel should show that the res is within the jurisdiction of the court.

**4. Admiralty ⊜66—Amendments to Libel.**

Where the libel did not show that the res was within the jurisdiction of the court, upon exception, the defect was confessed, and leave given to amend.

The claimants of the respondent vessel herein, Ole S. Bjerke and Sam Rudd, appearing, filed exceptions to the stipulation for costs filed by the proctor for the libelant, and also exceptions to the libel, which were argued before the court on December sixth. The exception to the stipulation for costs filed by the libelant is to the effect that the same was not entered into by the libelant, and is not conditioned that the libelant will pay all costs and expenses found against it, and that it was not taken before the clerk of the court or other officer specified by admiralty rule 6 of the Supreme Court. Claimants further, in pursuance of such exceptions, move that by reason

⊜See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

thereof the stipulation be stricken, and that, on granting the motion, the libel be dismissed, and the action dismissed, at the cost of the libelant.

At the hearing the libelant moved the court for leave to file an additional stipulation for costs, which motion was granted by the court, over the objection of claimants.

R. E. Robertson, of Juneau, for libelant.

N. L. Faulkner, of Juneau, for respondent.

James Wickersham, of Juneau, for claimant.

REED, District Judge. It appears in this case that the claimants appeared on October 30, 1924, and filed a stipulation for costs and exceptions to the libel. No objection was made at that time by the claimants to the stipulation of libelant. The stipulation of the libelant is not in the customary form, but in my opinion binds the stipulator to pay all costs and expenses that may be awarded against the libelant. The principal defect urged, however, is that it was acknowledged before the proctor for the libelant as a notary. Under rule 24, Admiralty Rules of the Supreme Court, the District Court has authority to order an additional stipulation to be filed in its discretion at any time, and, as the libelant in this case sought authority so to do, it was within the court's discretion to allow the same to be filed.

The principal objection to the stipulation is that it was not acknowledged before an officer named in Supreme Court rule 6 and was acknowledged before a notary public. By section 863, R. S. U. S. (28 USCA § 639 [U. S. Comp. St. § 1472]), and the Act of August 15, 1876 (28 USCA § 642 [U. S. Comp. St. § 1475]), notaries public were authorized to take depositions and do such other acts in relation to evidence to be used in courts of the United States, in the same manner and to the same effect as commissioners. They were also authorized to take acknowledgments, and by rule 6 of the Supreme Court, as any commissioner is authorized to take bonds and stipulations, so also a notary, who is not counsel for a party to the action, is also authorized. See Benedict, page 196, par. 271. Benedict says this with reference to stipulations, in paragraph 419:

"No particular form of words is necessary to constitute a stipulation. It is sufficient if it appears that the party stipulating under-

takes to respond according to the legal requirements, and a bond or recognizance would be held good in an admiralty court. The usual form of admiralty stipulation briefly recites the pendency of the suit and closes by distinctly assuming the requisite obligation. It is executed without seal, and acknowledged by the party and the stipulator before the clerk of the court, or commissioner, or notary public."

I see no reason for striking the libel or dismissing the action because of the defective stipulation, especially in this case, after the res has been seized, an appearance made by the claimant, and a stipulation entered into for the release of the seized res, and exceptions to the libel have been filed. In this case, it seems to me that objections to the stipulation for costs were waived by the appearance of claimant and the filing of exceptions to the libel. Of course, at any time, if the stipulation for costs was insufficient, the claimants could move the court that an additional or further stipulation be given by the libelant. See Pharo v. Smith, 19 Fed. Cas. 416, No. 11062; Polydore v. Prince, 19 Fed. Cas. 950, No. 11257.

The motion to strike the libel and dismiss the action will therefore be denied.

### On Exceptions to the Libel.

The exceptions to the libel consist of two sets. The first, filed on October 30th, is a general exception to the effect that the libel does not show that the libelant sustained any damage, nor that the claimants or libelees are indebted to the libelant in any sum. The second series of exceptions filed November 28, 1924, present some 10 particulars in which it is alleged the libel is defective. Some of them are highly technical, going to the form and construction of the libel itself rather than to the text; others repeat in different form the first exception. So the consideration of the second set of exceptions in that regard will also cover that of the first.

The first three exceptions in the second set of exceptions are to the effect that the libel does not state, in distinctive articles, the various allegations of fact upon which the libelant relies in support of its claim—first, of salvage; second, of towing; third, of pilotage; fourth, its claim for other services against the vessel.

Before considering the libel with reference to these exceptions, it would be well to see what is required by the rules of pleading in admiralty. Rule 22 of the Supreme Court provides

that in instance cases (of which this is one) the libel shall state the nature of the case; for example, that it is civil and maritime, of contract or a tort or damage, or of salvage, or of possession, or otherwise, as the case may be, and, if the libel be in rem, that the property is within the district. The libel also should propound and allege in distinct articles the various allegations of fact upon which the libelant relies in support of his suit, so that the respondent or claimant may be enabled to answer distinctly and separately the several matters contained in each article.

With this rule before us, and with the well-known rule that in admiralty the pleadings are to be liberally construed, it seems to me that the libel sufficiently states the facts upon which the libelant relies, and in conformity with the rule, so that the claimant might answer the same. It is not necessary for the libelant to anticipate a defense. Liberality characterizes the court's construction of the libel. Inaccuracies of statement of subordinate facts will be disregarded. See 1 R. C. L. p. 426. While the libel does state facts which are not material, nevertheless, it appears therefrom that the vessel of libelant proceeded to Dixon Harbor, and there took the Akutan, which was disabled, in tow to Juneau, where repairs could be made, and that by so doing the cargo of the Akutan was saved, for which service compensation is claimed in salvage in the sum of $2,500. It is true that the claim is for salvage, towing, and pilotage, and that pilotage does not usually come within the allegations of a libel for salvage, and also that towing may or may not be included in a salvage claim. Under the facts of this case, as set forth in the libel, towage may be the principal basis of the libelant's claim. This claim and the claim for pilotage will depend upon the evidence submitted at the hearing.

The first three exceptions will therefore be overruled.

The fourth exception, that the libel does not show that the Akutan, her tackle, etc., was within the jurisdiction of the court, is well taken. This is an action in rem, and under rule 22 of the Supreme Court, above referred to, it is required that the libel should show that the res is within the jurisdiction of the court. The libelant, however, confessing this exception, at the hearing moved the court that it be allowed to allege that fact. In view of the liberality of amendment allowed in admiralty, and the fact that, under the monition issued in this

case, the vessel was taken into custody by the United States marshal within the jurisdiction of this court, and a stipulation for return given, an amendment by libelant to the libel, by interlineation, will be allowed.

The fifth and sixth exceptions are overruled, as in my opinion the facts stated show a cause of action against the vessel of salvage. If it was in contract, the answer may show that, and, if true, would clear the vessel from any claim of salvage.

The seventh exception, that several causes of action are improperly united, is in my opinion without merit, and is overruled. The eighth exception is overruled for the reason set forth in the ruling on the fifth and sixth exception. The ninth exception is overruled, as the libel is verified by the vice president of the company, and the libel itself shows that it is a foreign corporation. The tenth is overruled, for the reasons stated in the ruling on the fifth and sixth exceptions.