## CHRISTIE v. CARLISLE, British Consul General.

(District Court, E. D. Louisiana, New Orleans Division. February 27, 1926.)

No. 15763.

1. **Statutes ⏀⟿281, 290.**

Foreign law cannot be pleaded by exception, but must be proved by evidence.

2. **Statutes ⏀⟿281—Exception to seaman's libel for wages, based on pleaded foreign law, held not sustainable.**

Foreign law must be proved by evidence, and exception to seaman's libel for wages, based on pleaded foreign law (British Merchant Shipping Act), held not sustainable.

3. **Admiralty ⏀⟿65—Exception to seaman's libel for wages, based on shipping articles not made a part thereof, held not sustainable.**

Exception to seaman's libel for wages left by master with British consul general, on ground that under shipping articles voyage was not completed and demand was premature, held not sustainable; shipping articles not being part of libel, the allegations of which, including one that libelant had been discharged, were required to be taken as true.

4. **Admiralty ⏀⟿65.**

For purposes of exception, allegations of libel must be taken as true.

5. **Seamen ⏀⟿26—Seaman's libel for wages, based on demand for half pay, held not to state cause of action (Act March 4, 1915, § 4, amending Rev. St. § 4530 [Comp. St. § 8322]).**

Seaman's libel against British consul general as agent of master, with whom wages due seaman had been left, based on demand for half pay under Act March 4, 1915, § 4, amending Rev. St. § 4530 (Comp. St. § 8322), held insufficient to state cause of action.

6. **Seamen ⏀⟿26—Seaman's libel for wages against British consul general as agent for master held to state cause of action (Judicial Code, § 24, subd. 18 [Comp. St. § 991]).**

Seaman's libel for wages against British consul general, alleging master had broken contract, discharged libelant, left wages in hands of British consul general, and constituted him his agent to pay libelant, and a refusal of payment on demand, held to state a cause of action within admiralty court's jurisdiction, under Judicial Code, § 24, subd. 18 (Comp. St. § 991).

In Admiralty. Libel by Robert Christie against Thomas F. F. Carlisle, British Con-

sul General. On respondent's exceptions to libel. Exceptions overruled in part, and sustained in part.

W. J. & H. W. Waguespack, of New Orleans, La., for plaintiff.

Ernest T. Florance, Terriberry, Rice & Young, and John E. Jackson, all of New Orleans, La., for defendant.

HALE, District Judge. This case now comes before the court on respondent's exceptions to the libel:

"First. That the fund alleged to be in the possession of defendant is held by this defendant in his official capacity as British consul general under and by virtue of a statute of Great Britain generally known as the 'British Merchant Shipping Act,' and under the regulations of the branch of the department of the government of Great Britain known as the 'Board of Trade' of Great Britain, and that the government of Great Britain cannot be impleaded, and money held by its consul general in his said official capacity cannot be recovered, by an action in this court, nor can the said British consul general be compelled by this court to act contrary to the duties imposed upon him by the law of Great Britain, which country he represents.

"Second. And for further exception defendant shows that, as appears from the shipping articles whereunder the libelant shipped, the voyage for which the said libelant so shipped was to terminate in a port of the United Kingdom, and that until such termination of such voyage any demand by libelant for his said wages is premature.

"Third. That the libel herein is insufficient in itself, in that it sets forth no cause of action against this defendant."

As the whole libel is challenged, it is necessary to have it before us. It follows:

"Robert Christie, a native of Scotland and a declarant of intention to become a naturalized citizen of the United States of America, brings this his libel in personam against Thomas F. F. Carlisle, consul general of the empire of Great Britain, otherwise known as British consul general, at the city of New Orleans, within the jurisdiction of this honorable court, in a cause of subtraction of wages, civil and maritime, and the said libelant alleges and propounds as follows:

"I. That on or about the 31st day of March, 1917, the British steamship Policastria, whereof Captain D. Cole was then master, being then in the port of Glasgow, and destined on a voyage to the United States, the said captain did ship and hire your libelant to serve as a mariner on board the said ship for the period of two years, at the rate of wages of nine pounds five shillings (£9.5s.) per month, or about forty-five ($45.00) dollars per month United States currency, as per schedules hereto attached and made part hereof, and accordingly, on or about the said 31st day of March, 1917, your libelant entered on board in the service of said ship in the said capacity and at the monthly wages aforesaid, and signed the usual shipping articles or mariner's contracts, which said agreement is now in the possession of the said Captain D. Cole, and which for greater certainty libelant prays may be produced here in court.

"II. That the said ship, having taken on a cargo, proceeded on her said voyage with libelant on board, and in the course of its voyage arrived at the port of New Orleans, Louisiana, on or about the 20th day of August, 1917.

"III. That when the said ship arrived at the said port of New Orleans the said captain and master of ship discharged your libelant from the service of the said ship, and caused your libelant to be arrested and to be thrown in prison, where your libelant remained for a period of 34 days without trial of any sort; that your libelant was released from the said prison and from custody on the ———— day of October, 1917.

"IV. Your libelant further represents that, when he was discharged from the said ship and arrested on the said 28th day of August, 1917, your libelant had earned the sum of fifty-three pounds four shillings and seven pence (£53. 4s. 7p.), and had received on account thereof the sum of twenty-one pounds sixteen shillings and five pence (£21. 16s. 5p.), leaving a balance due your libelant of thirty-one pounds eight shillings and two pence (£31. 8s. 2p.), or one hundred and fifty-two and $39/100$ ($152.39) dollars in United States currency.

"V. That your libelant did not receive the said wages when he was discharged and arrested as aforesaid, but that when the said ship sailed from the port of New Orleans the said Captain D. Cole left in the hands of Thomas F. F. Carlisle, British consul general at New Orleans, the said sum of one hundred and fifty-two and $39/100$ ($152.39) dollars, due to your libelant, the said captain thereby constituting the said British consul general as his agent to pay your libelant the wages due him.

"VI. Your libelant further represents that on or about the 22d day of October, 1917, when he ascertained the above facts, he

called upon the said Thomas F. F. Carlisle, British consul general at New Orleans, and requested and demanded the said wages due him; that the said Thomas F. F. Carlisle, British consul general, refused to pay your libelant the said wages, but gave him on account thereof the sum of ten ($10.00) dollars, and without cause refused to pay to your libelant the balance of his said wages due him.

"VII. That thereafter, to wit, on Tuesday, October 30, 1917, your libelant, under the rights secured to him by the Act of Congress of March 4, 1915, and more especially section 4 thereof, amending section 4530 of the Revised Statutes of the United States, demanded of the said Thomas F. F. Carlile, British consul general, one-half of the wages earned by him up to the time of his discharge from the said ship, which your libelant was entitled to demand, as follows, to wit:

| | |
|---|---|
| Amount earned by libelant | $258.19 |
| One-half of wages earned | 129.09 |
| On account (including $10, 10—22—17) | 115.95 |
| Balance to which your libelant was entitled to on demand | 13.14 |

"VIII. That the said Thomas F. F. Carlisle, British consul general, representing and acting as agent of the said captain, refused your libelant's said demand, and that under said section 4 of said Act of Congress of March 4, 1915, the said Thomas F. F. Carlisle, British consul general's failure and refusal to comply with libelant's demand entitled your libelant to full payment of the said wages due him and earned by him, even if the said balance had not already been due, and that the said Thomas F. F. Carlisle, British consul general, has refused to pay to your libelant the said balance of wages due to him, to wit, one hundred and forty-two and $39/100 ($142.39) dollars, though he has demanded payment of the same.

"IX. That during the whole time that libelant was in the service of the aforesaid vessel he faithfully performed his duties on board the said vessel, and therefore is entitled to receive his said wages.

"X. That all and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and this honorable court."

[1, 2] The first exception pleads the British Merchant Shipping Act, which has not been offered in evidence, and is not formally before the court. It is elementary that a foreign law cannot be pleaded by exception, but must be proved by evidence.

[3, 4] Exception 2 states that certain things appear by the shipping articles under which libelant shipped. The shipping articles form no part of the allegations of the libel, and cannot be made the subject of exceptions. For the purposes of exception, the allegations of the libel must be taken as true. Article 3 of the libel alleges that the master discharged the libelant at New Orleans, and thus terminated the contract. Exception 2 does not, I think, present a matter for exception.

Exception 3 alleges that the libel sets forth no cause of action against the defendant. This exception, like a demurrer, assumes that the allegations of the libel are true, but contends that no cause of action is presented.

[5, 6] The learned proctor for the respondent makes his principal attack upon articles 7 and 8 of the libel, which disclose that the libelant made upon the British consul, who was representing and acting as agent of the captain, a demand for half wages, alleged to be provided for in section 4 of the Act of Congress of March 4, 1915. Section 4530 of the Revised Statutes of the United States, as amended by 38 Stat. 1165, § 4 (Comp. St. § 8322) under which the libel is brought, provides:

"*Payment of Wages at Ports, etc.*—Every seaman on a vessel of the United States shall be entitled to receive *on demand from the master* of the vessel to which he belongs one-half part of the wages which he shall have then earned *at every port where such vessel, after the voyage has been commenced, shall load or deliver cargo* before the voyage has ended and all stipulations in the contract to the contrary shall be void: Provided, such a demand shall not be made before the expiration of, nor oftener than once in five days. *Any failure on the part of the master to comply with this demand* shall release the seaman from his contract and he shall be entitled to full payment of wages earned. And when the voyage is ended every such seaman shall be entitled to the remainder of the wages which shall then be due him, as provided in section 4529 of the Revised Statutes: Provided further, that notwithstanding any release signed by any seaman under section 4552 of the Revised Statutes any court having jurisdiction may upon good cause shown set aside such release and take such action as justice shall require: And provided further, that this section shall apply to seamen on *foreign vessels while in harbors of the United States,* and the courts of the United States shall be open to such seamen for its enforcement."

I think the sections 7 and 8 do not contain sufficient averments relating to the claim for

half wages to comply with the terms of the above statute. The exception must be sustained as to those sections relating to the claim for half wages.

Section 24, clause 18, of the Judicial Code (Comp. St. § 991), provides:

"*Original Jurisdiction.* The District Courts shall have original jurisdiction as follows: * * * Of all suits against consuls and vice consuls."

Article 3 of the libel alleges that the contract was terminated or broken by the master, who discharged the libelant; that the captain left in the hands of the British consul general at New Orleans the sum of $152.-39, as wages due the libelant. Article 5 of the libel states that he constituted the British consul general agent to pay the libelant that sum. Article 6 of the libel alleges that the consul general refused to pay the libelant the wages which had been deposited with him for that purpose, although libelant demanded payment of same. I think that articles 3, 4, 5, and 6 of the libel present a cause of action and confer jurisdiction upon the court, under section 24 of the Judicial Code.

The learned proctor for the respondent has, in an elaborate brief, presented many matters for the consideration of the court, which, I think, should be decided on an issue made up by answer and proofs. Under such answer and proofs the case may be fully heard.

If the libelant desires to present a demand for half wages, he may offer amendment to articles 7 and 8 of the libel.

The exceptions are overruled, except as to article 7 and 8. Further pleading may be filed within 30 days. Any offers of amendment of the libel may also be presented within 30 days. No costs to either party.