## Petition of E. I. DU PONT DE NEMOURS & CO., Inc.* ·

District Court, N. D. New York. December 6, 1926.

**1. Shipping ⬤⟹209(3)—Charterer, to have status of "owner" under limited liability statute, must allege that he manned, victualed, and navigated chartered vessel (Comp. St. §§ 8024).**

A charterer, to bring himself within the purview of Rev. St. § 4286 (Comp. St. § 8024), as an "owner," entitled to limitation of liability, must allege that he manned, victualed, and navigated the chartered vessel.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Owner.]

*Decree affirmed 19 F.(2d) 354.

**2. Judgment ⬤⟹707—Petition by charterer that it was adjudged owner of vessel by another court in another suit held not res judicata to others (Limited Liability Act [Comp. St. §§ 8020-8027]).**

An allegation by a charterer in a petition for limitation of liability that it had been adjudged by another court in a suit between different parties that it was the owner of the chartered vessel pro hac vice *held* not sufficient to bring it within the provisions of the Limited Liability Act (Comp. St. §§ 8020–8027), such decision not being res judicata as against exceptors to petition.

**3. Shipping ⬤⟹209(1⅝)—Claimants may, without filing claims, except to sufficiency of petition for limitation of liability.**

Claimants may, without filing claims, except to sufficiency of petition for limitation of liability for failure to allege jurisdictional facts.

In Admiralty. Petition of E. I. Du Pont de Nemours & Co., Inc., for limitation of liability. On exceptions to sufficiency of petition. Exceptions sustained.

Stanley & Gidley, of Buffalo, N. Y., for petitioners. .

Edward L. O'Donnell, of Utica, N. Y., for James S. Bently and others.

COOPER, District Judge. This is a proceeding instituted by a petition of the E. I. Du Pont de Nemours Co., Inc., to limit its liability under sections 4283–4289 of the Revised Statutes (Comp. St. §§ 8021–8027). The petition alleges:

"That on or about the 10th day of June, 1922, the petitioner shipped on board a concrete barge from May's Landing, in the state of New Jersey, a cargo of smokeless powder and cordite. That while the said cargo was being transported in said barge on the Barge Canal in the state of New York, and when at a point in said canal near Rome, N. Y., a maritime disaster occurred, as a result of which the barge sank in the navigable waters of the canal. That thereupon the petitioner dispatched its employee, one Kavanaugh, to the scene of the disaster, who subsequent to his arrival entered into a contract with the Syracuse Sand Company, which is as follows:

"June 21, 1922.

"Syracuse Sand Co., Inc., Syracuse, N. Y.: We hereby agree to pay you seventy-five ($75.00) dollars per day and we to furnish all coal for your tug William P. Donnelly for the use of towing the two boats, namely Oddfellow and Alice T. Clark, which we also rent to you (the latter at the rate of $20.00 per day), from Rome, N. Y., to Buffalo, N. Y., all rentals on the tug to apply from the time of her leaving Baldwinsville to come

for us at Rome, N. Y., and to continue until her return to Baldwinsville, N. Y. The rental on the boats Oddfellow and Alice T. Clark to apply from the time they are delivered to us at Rome, N. Y., until their return to Baldwinsville, and from Buffalo, N. Y. Further, we to assume all risks on cargo. *If more than one boatman required, we to pay same extra.*

"E. I. Du Pont de Nemours & Company,
"Per J. F. Kavanaugh."

That pursuant to this contract, and on or about the 22d day of June, the barges Oddfellow, Alice T. Clark, and the Wright (not involved in the petition), laden with the salvaged cargo, were taken in tow by the tug William P. Donnelly, and that when said tug and her tow reached a point in the Barge Canal known as Verona Beach, and on or about the 25th day of June, 1922, the cargo became ignited by the backfire of a gasoline engine installed on the deck of the Alice T. Clark, which resulted in a total loss of the cargo, and the tug William P. Donnelly, and the barges Alice T. Clark, Oddfellow, and Wright, and caused considerable damage to persons and property of a maritime and nonmaritime nature.

The petition further alleges that 32 actions at law have been brought against the petitioner to recover for the damage caused by this fire, and that in one of these, brought by the successor of the owner of the destroyed tug and barges in another district, the court handed down a decision in which it found that the contract entered into between Kavanaugh and the sand company amounted to a demise for the time being of the tug William P. Donnelly and the barges Alice T. Clark and Oddfellow, and thus constituted the Du Pont de Nemours Company, Inc., charters pro hac vice.

No other allegation of the nature of the relation between the owner of the tug and barges and the petitioner, or between the petitioner and the crews of the tug and barges, other than the above contract, is contained in the petition.

Twenty-six claimants appeared specially in this proceeding for the sole purpose of excepting to the sufficiency of the petition of the Du Pont de Nemours Company, Inc., and set up as their exceptions, among other things, that the petitioner had not alleged that it was the owner or charterer, within the meaning of sections 4283–4286 of the Revised Statutes (Comp. St. §§ 8021–8024), in that it did not allege that the petitioner manned, victualed, and navigated the vessel

at its own expense or procurement, and that it could not limit liability, as could a shipowner or charterer within the meaning of the statute.

In order to claim the benefits of the Limited Liability Act (Comp. St. §§ 8020–8027), it is necessary for the petitioner to allege facts to show that it is either the actual owner of the boat, or is an owner or charterer pro hac vice, in that it mans, victuals, and navigates the boat at its own expense or procurement. The petitioner in the instant cause was not, nor did it claim to be, in any sense, the actual owner of the tug and barges, although it did claim to be the owner for the time being under the decision handed down in another district. The only other possible way, therefore, that this petitioner can come within the statute, is to allege that it manned, victualed, and navigated the tug William P. Donnelly and the barges Alice T. Clark, Oddfellow, and Wright at its own expense and procurement. The contract entered into between Kavanaugh and the sand company warrants the inference that the boats were to be manned by the owner of the boats, and while the petition is silent as to who was to actually victual the crew and navigate the boats mentioned in the contract, and the only reasonable inference that can be drawn, in the absence of facts to the contrary, is that the crew, being employees of the sand company, was victualed by it, and continued to navigate according to the orders of their employer, the owner of the boats.

In Smith v. Booth (D. C.) 110 F. 680, a situation analogous to this one arose, and the Export Lighterage Company, as charterer of a lighter, sought to limit its liability, claiming to be a charterer pro hac vice. In this case Judge Brown said at page 694: "The liability of the Export Lighterage Company * * * does not seem to be within the provision of section 4286 [Comp. St. § 8024], inasmuch as the charterer did not in this case 'man, victual, and navigate the lighter at its own expense.' * * * This relief is a statutory and arbitrary one, and can extend no further than the statute prescribes, and that the charterer in this case is not within it."

Again, in Davidson Steamship Co. (D. C.) 133 F. 411, at page 412, Judge Seaman said: "This proceeding is commenced by the petitioner to limit liability, and the issuable allegations thereupon are the facts prescribed by statute as the grounds for limitation. It is unquestionable that the petitioner must al-

lege and prove the state of facts thus required to obtain the relief sought."

[1, 2] From these cases it would appear that a petitioner, to come within the purview of the statute, must allege as a condition precedent that it manned, victualed, and navigated a vessel at its own expense or procurement. The petitioner here makes no such allegations of fact, but seems to rely solely upon the decision of the court in another district, which they say constitutes them charterers pro hac vice of the tug William P. Donnelly and the barges Alice T. Clark and Oddfellow, and that by virtue of that decision it became the owner of the said tug and barges for the time being. Such decision is not res adjudicata, and therefore not binding upon the exceptors to the petition herein; they being entirely different parties and presenting different issues to be adjudicated. See Proper v. John Bene & Sons (D. C.) 295 F. 729 at page 731.

[3] The petitioner contends that the claimants' exceptions were prematurely filed, and that under rule 53 all claimants must, in obedience to the monition issued, first present their claims to a commissioner, in order to have any standing or any right to contest the sufficiency of the petition in a proceeding to limit liability. To support this contention the petitioner cites The Pere Marquette (D. C.) 203 F. 127, and The Klotawah (D. C.) 210 F. 677. These cases are not analogous to the situation at hand. In the Pere Marquette Case the petition to limit liability was filed by the *undisputed owner* of the ship Pere Marquette, and the parties answered without first filing claims, thus making their answers *insufficient.* The question of the sufficiency of the petition was not there raised. In the latter case (The Klotawah) the *owner* petitioned for a limit of liability, and no exceptions to the sufficiency of the petition for failure to allege jurisdictional facts had been filed. The principal question raised in that case was whether the issuable fact of privity and knowledge on the part of the shipowner can be determined on affidavits before the monition issues. The petitioner's contention in this respect cannot, therefore, be sustained, for the cases generally indicate that it is not an improper practice to first file exceptions to a petition before filing claims. See Erie Lighter (D. C.) 250 F. 490, at page 493; Christie v. Carlisle (D. C.) 11 F.(2d) 659; Hansen v. U. S. (D. C.) 4 F.(2d) 745; The Fred E. Sander (D. C.) 212 F. 545, at page 546.

The petition of the Du Pont de Nemours Company is insufficient to give this court jurisdiction to limit its liability under sections 4283–4289 of the Revised Statutes, and is therefore denied, with leave to amend the same within 20 days.